# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

RICKEY LOUIS JACKSON,            §
No.  692137                      §
Petitioner,                      §
                                 §
v.                               §        NO. 3:05-CV-2289-K
                                 §
NATHANIEL QUARTERMAN, Director,  §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
Respondent.[1]                   §

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2241 and § 2254.

**Parties**:  Petitioner Rickey Louis Jackson ("Jackson" or "Petitioner") is confined at the Wheeler Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Plainview, Texas.  Respondent is the Director of the TDCJ-CID.

**Statement of the Case:**  Pursuant to a plea bargain on March 2, 1994, Jackson pleaded guilty to the offense of burglary of a building as charged in the indictment in cause number 17,549.  In

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named the Director of the Texas Department of Criminal Justice.  The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

accordance with the plea agreement, the state court imposed a term of ten years imprisonment and required Petitioner to pay $441.00 in restitution.  On the same day, Petitioner also was sentenced to a concurrent ten year term of imprisonment for the offense of delivery of a controlled substance in cause number 16,491.

Petitioner was released on mandatory supervision on December 16, 1997.  Petitioner violated the terms of his supervised release and was returned to the custody of the TDCJ on March 3, 2000.  Petitioner received jail credits from December 2, 1999, but did not receive credit for the one year, eleven months and sixteen days he spent on supervised release and his earned good time credits were forfeited.

Jackson was again released on mandatory supervision on June 5, 2002.  On February 12, 2003, he was arrested in Kaufman County, Texas, for the offense of delivery of a controlled substance.  The Texas Board of Pardons and Paroles ("BPP") issued a pre-revocation warrant on December 22, 2003, due to Petitioner's failure to make restitution payments, attend substance abuse counseling, remain drug free, and update his driver's license.[2]  Jackson was arrested on the warrant on January 9, 2004.  After Petitioner waived his right to a preliminary hearing, the BPP voted on January 26, 2004, to send Jackson to an intermediate sanction facility ("ISF").

On April 21, 2004, pursuant to Texas Code of Criminal Procedure article 11.07, Jackson filed a state habeas application wherein he alleged that he was the subject of an illegal arrest and that after his arrest the State failed to present him before a magistrate.  *Ex parte Jackson*, Appl. No. 36, 203-05 at 27, 29.  The Texas Court of Criminal Appeals denied his application without

---

[2]  It appears that at the time it issued the warrant, the BPP was under the impression that any charges related to Petitioner's February 2003 arrest had been dismissed.

2

written order on June 9, 2004.  *Ex parte Jackson*, Appl. No. 36, 203-05 at cover.   On July 9,

2004, Jackson filed a federal habeas petition challenging his January arrest and detention.  The

petition was dismissed as moot on January 11, 2005, because he had been released on parole in

July of 2004.  *Jackson v. Dretke*, No. 3:04-CV-1501-K, 2004 WL 2645603 (N.D. Tex. Nov. 18,

2004) (Sanderson, M.J.), adopted by Order (Jan. 11, 2005) (Kinkeade, J.).

On June 14, 2005, Jackson filed another state habeas application pursuant to Texas Code

of Criminal Procedure article 11.07, alleging that he was being falsely imprisoned and denied

due process by the TDCJ because he had completed his ten year prison sentence.  *Ex parte*

*Jackson*, Appl. No. 36, 203-06 at 19, 23.  His application was denied by the Court of Criminal

Appeals without written order on November 2, 2005.  *Ex parte Jackson*, Appl. No. 36,203-06 at

cover.

In the intervening period between the date on which he filed his second article 11.07

application and the Court of Criminal Appeals' order denying relief, Jackson pleaded guilty in

the 422nd District Court in Kaufman County, Texas, to the offense of delivery of a controlled

substance in cause number 22369-422 and was sentenced to a term of four years imprisonment to

run consecutively with his ten year term of imprisonment on October 5, 2005.  He was released

on mandatory supervision *in absentia* from Kaufman County on November 28, 2005.  On

February 24, 2006, he was readmitted into the custody of the TDCJ due to an inappropriate

release and did not receive credit for the one month and twenty-seven days during which he was

erroneously released.  However, Petitioner received jail good time credits.

Petitioner filed the instant petition on November 17, 2005.[3]  On March 14, 2006, Respondent filed a motion to dismiss Jackson's petition as a successive petition or alternatively, to transfer the petition to the Fifth Circuit Court of Appeals.  Additionally, Respondent asserted that Petitioner's claims were unexhausted, time-barred and without merit.  Jackson filed a response on April 24, 2006.

**Findings and Conclusions:**  As described above, Jackson's completion of his ten-year prison sentence imposed in No.  17, 549 has been impeded and retarded by his repeated violations of terms of his parole following his initial term of imprisonment.  Indeed, the Magistrate Judge is not entirely satisfied that the records, papers and pleadings filed in the present petition provide a full and complete history of the actions taken by the Parole and Pardons Division following Jackson's release from prison on mandatory supervision on December 16, 1997.

However, it is undisputed that he was released on parole on July 21, 2004, after he had filed his prior § 2254 petition, which then resulted in dismissal of his former petition on the basis that the claims had been rendered moot.  It is equally clear that Jackson stands convicted in No. 22369-422 and that he has not discharged the sentence imposed.  Finally, although not fully developed in the record, he was released on mandatory supervision *in absentia* on November 28, 2005, following the imposition of his sentence in No. 22369-422.[4]

---

[3]  His initial pleading is dated November 17, 2005, and was file stamped on November 21, 2005.  Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court.  *Spotville v.  Cain*, 149 F.3d 374, 378 (5th Cir.  1998).  He subsequently filed an amended petition on December 7, 2005, pursuant to the court's deficiency order filed on November 28, 2005, which relates back to the initial "filing" date.

[4]  It also appears that Jackson's parole in No. 17, 549 was again revoked on or about February 15, 2006.  (Attachments to Jackson's Correspondence to the District Clerk dated Feb.

Jackson's most recent article 11.07 application, (*Ex parte Jackson*, Appl. No. 36, 203-06 at 19), claimed that he fully served his 1994 conviction as of December 12, 2003. As set out above, that application was filed on June 14, 2005, while he was incarcerated at the Kaufman County Jail pending disposition of the charges in No. 22369-422. In denying relief, the Court of Criminal Appeals rejected Petitioner's computation of the date on which he claims to have completed his sentence.

As distinguished from the claims asserted in his 11.07 application, Jackson raises issues with respect to his alleged arrest for violation of his parole without a warrant and that he was transferred from the Bexar County Jail to the Fort Work ISF Unit. Without regard to whether such claims are accurate, it is indisputable that these claims have not been presented to the Court of Criminal Appeals and are therefore unexhausted.

18, 2006).

5

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be dismissed without prejudice for

failure to exhaust state remedies.

Signed this 3rd day of August, 2006

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.